IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**JOSEPH GAUTHIER, Individually and**                             **PLAINTIFF**
**On Behalf of All Others Similarly Situated**

vs.                        Case No. 6:13-cv-46

**TRICAN WELL SERVICE, LTD.**                                  **DEFENDANT**

## ORIGINAL COMPLAINT

COMES now Plaintiff Joseph Gauthier, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Trican Well Service, Ltd. (hereinafter "Trican"), does hereby state and allege as follows:

### I.

### PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff, both individually and on behalf of all others similarly situated, against Defendant Trican.

2. The proposed Section 216 class is composed entirely of employees who are or were salaried Field Engineers for Trican, who, during the applicable time period, work/worked for Defendant and are/were denied their fundamental rights under applicable federal wage and hour laws.

3. The proposed Section 216 class will seek recovery of monetary damages for all overtime worked by Plaintiff and the putative class members.

5. Plaintiff, both individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for the hours in excess of forty hours in a single week that they were/are made to work.

6. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

7. Plaintiff has filed herewith his own written Consent to Join this lawsuit pursuant to Section 216 of the FLSA.

8. This is a representative action under the Fair Labor Standards Act. Plaintiff is similarly situated to a larger group of misclassified employees (called "Field Engineers") who were not paid overtime by Trican during the course of their employment. Trican improperly treated Plaintiff and other Field Engineers as exempt under the FLSA.

## II.

## THE PARTIES

### A. Plaintiff

9. Plaintiff Joseph Gauthier is a resident and citizen of Houston County, Texas. He was employed by Defendant out of its facility in Longview, Texas.

10. At all times relevant hereto the Plaintiff was misclassified as exempt from overtime wages and paid a salary, together with a series of non-discretionary bonuses.

11. Plaintiff's dates of employment are as follows: for about one year, ending in December of 2012.

### B. Defendant

12. Trican is for-profit, foreign limited partnership created and existing under and by virtue of the laws of a state other than Texas, registered to do business in the State of Texas, providing products and services in the oil and gas industry, throughout the United States in those areas in which fracking is a viable business.

13. Defendant has annual gross revenues exceeding $500,000.00.

14. Defendant's principal address is 5825 North Sam Houston Parkway, Houston, Texas, with a business location in Longview, Texas at 4836 West Loop 281 South.

15. Defendant was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

16. Defendant can be served within the State of Texas.

### III.

### JURISDICTION AND VENUE

17. The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

18. The acts complained of herein were committed and had their principal

effect against the named Plaintiff herein within the Longview Division of the Eastern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## IV.

## REPRESENTATIVE ACTION ALLEGATIONS

19. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Field Engineers who were, are, or will be employed by Trican and were improperly misclassified as exempt from payment of the overtime premium at any time within the applicable statute of limitations period, who are entitled to payment for overtime wages which Defendant failed to pay due to the intentional misclassification of Plaintiff and of those similarly situated.

20. Plaintiff asserts violations of federal law, more particularly, the FLSA, on behalf of all persons who were employed by Trican as Field Engineers and who were misclassified hourly employees from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

21. Plaintiff is unable to state the exact number of the class but believes that the class exceeds 50 persons but is less than 1,000 persons.

22. Trican can readily identify the members of the class, who are a certain portion of the current and former employees of Trican.

23. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided

to the probable FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

24. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via email to their last known email address as soon as possible.

25. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

   a. Defendant's uniform misclassification of them as exempt employees under the FLSA; and

   b. Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

26. The claimed damages exceed $10,000,000.00.

## V.

## FACTUAL ALLEGATIONS

### A. PLAINTIFF GAUTHIER

27. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

28. Gauthier was an employee of Trican for about a year, until December of 2012. Gauthier was classified as a salaried employee during most of that time period.

29. Upon commencement of work at Trican, Gauthier did not sign any contract of employment setting forth his hours or wages. His annual compensation was not less than $455.00 per week nor was his compensation more than $100,000.00 per year.

30. In performing his services for Trican, Gauthier was not required to utilize any professional education relevant to his job duties.

31. Gauthier's primary duties as a Field Engineer were to assist in fracking oil and gas wells and to operate computers and machinery at the wells.

32. During the course of his employment, Gauthier did not manage the enterprise or a customarily recognized subdivision of the enterprise. The manager to whom Gauthier reported was the one who was the head of a customarily recognized subdivision within Trican—not Gauthier himself.

33. Gauthier did not select any employees for hire nor did he provide any formal training for any employee. Gauthier had no ability to hire and fire any employee.

34. Gauthier did not have any control of or authority over any employee's rate of pay or working hours.

35. She did not maintain or prepare production reports or sales records for use in supervision or control of the business.

36. Similarly, Gauthier did not have any responsibility for planning or controlling budgets.

37. On average, Gauthier worked approximately seventy (70) to ninety (90) hours per week. He did not receive any overtime compensation.

38. Gauthier benefited from participation in a plan by which he was eligible for and did in fact often receive non-discretionary bonuses in addition to his salary.

# VI.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this class action to recover monetary damages owed by Defendant to Plaintiff and members of the putative Class for all the overtime compensation for all the hours he/they worked in excess of forty (40) each week.

40. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

41. In addition, and in the alternative, Plaintiff brings this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

42. Plaintiff also brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Class is defined as follows:

> **All former, current and future employees of Defendant who were employed as Field Engineers during the statutory period and who were not paid overtime compensation for hours they worked in excess of forty (40) hours for each work week.**

43. This action is properly brought as a class action pursuant to the collective action procedures of the FLSA.

44. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that at least

fifty putative class members have worked for Defendant without appropriate pay, as described herein, throughout the applicable statutory period.

## VII.

## FIRST CLAIM FOR RELIEF

### (Individual Claims for Violation of FLSA)

45. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

46. Defendant intentionally misclassified Plaintiff as exempt.

47. Defendant deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

48. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

49. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

50. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

# VIII.

## SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA by Plaintiff and all those similarly situated class members)

51. Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

52. Defendant required Plaintiff and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiff and the class members overtime compensation for all of the hours in excess of forty (40) in each work week.

53. Defendant deprived Plaintiff and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

54. Defendant's conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

55. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and similarly situated members of the class for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

# IX.

## THIRD CAUSE OF ACTION

### UNJUST ENRICHMENT/QUANTUM MERUIT

56. Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein, pleading in the alternative.

57. All of the overtime work performed by the Plaintiff was for the sole or primary benefit of Defendant.

58. Defendant had full knowledge that Plaintiff was performing such overtime work for the benefit of Defendant because it is Defendant that required such overtime work.

59. Despite its knowledge, Defendant chose to accept the benefits of Plaintiff's uncompensated labor for itself.

60. By unjustly receiving the value of Plaintiff's' labor without providing proper compensation therefor, Defendant obtained substantial benefits and was unjustly enriched at Plaintiff's expense.

61. Such conduct was detrimental to Plaintiff.

62. Defendant's conduct was willful and not the result of mistake or inadvertence.

63. It would be inequitable for Defendant to retain the benefits received.

64. As a direct result of Defendant's unlawful, unjust and inequitable conduct, Plaintiff has suffered injury, incurred damages and financial loss in an amount to be determined at trial.

65. Accordingly, Plaintiff seeks appropriate relief against Defendant including damages, restitution, prejudgment interest, attorneys' fees, costs and all other relief that the Court deems just and appropriate.

# X.

## WILLFULNESS

66. Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

67. All actions by Defendant were willful and not the result of mistake or inadvertence.

68. Defendant knew or should have known that the FLSA applied to the operation of its oil and gas well operations at all relevant times. Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving the misclassification of Field Engineers.

69. Law in support of the position taken by Plaintiff in this lawsuit is reflected in the U. S. Department of Labor – Wage and Hour Division Fact Sheet #17B. Significantly, the information in the Fact Sheet predates the intentional non-payment of overtime planned and committed by Defendant within the time period of the statute of limitations that is applicable to this case.

70. Plaintiff is aware of no cases which support Defendant's intentional non-payment of overtime wages to Field Engineers who do not qualify for any exemption under Section 213.

71. Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiff and other members of the proposed collective class and withhold overtime wages to them in an effort to enhance its profits.

72. Additionally, upon information and belief, some members of the proposed

collective class from time to time complained to Defendant about the unlawfulness of Defendant's manner of payment and policies related to improper payment procedures.

## XI.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff, on behalf of himself, both individually and for others similarly situated, respectfully prays for declaratory relief and damages as follows:

(a) A declaratory judgment that Defendant Trican's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(b) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(c) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(d) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(e) Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled;

(f) An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JOSEPH GAUTHIER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 110
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: /s/ Josh Sanford
Josh Sanford
Texas. Bar No. 24077858
josh@sanfordlawfirm.com