IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOSEPH GAUTHIER, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 6:13-cv-46 |
| TRICAN WELL SERVICE, L.P., | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court are Plaintiff Joseph Gauthier's Motion for Conditional Certification of Collective Action (Docket No. 4) and Revised Motion for Conditional Certification (Docket No. 13).[1] For the reasons herein, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Revised Motion (Docket No. 13). The original Motion is **DENIED AS MOOT** (Docket No. 4).

## BACKGROUND

Plaintiff Joseph Gauthier filed this suit against Trican Well Service, L.P. ("Trican"), a pressure pumping company, on behalf of himself and other similarly situated Trican employees to recover overtime pay and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Mr. Gauthier asserts that he and other Field Engineers at Trican were misclassified as "exempt" employees under the FLSA. Therefore, Mr. Gauthier contends he and others received no overtime compensation, even though they were required to work over forty hours per week. Pursuant to 29 U.S.C. § 216(b), Mr. Gauthier seeks to certify a class of all Field

---

[1] The original Motion and Brief in Support (Docket Nos. 4 and 5) exceeded the page limits allowed under Local Rule CV 7(c). The Court denied leave to exceed page limits (Docket No. 12) and the Revised Motion was filed in compliance with page limits.

1

Engineers employed by Trican from 2010 to the present to continue this case as a collective action.

## APPLICABLE LAW

Under § 216(b) of the FLSA, a plaintiff may bring an action personally and on behalf of "similarly situated" employees. 29 U.S.C. § 216(b). However, other plaintiffs must opt in to the collective action by filing written consent with the court. 29 U.S.C. § 216(b). District courts have discretion to conditionally certify collective actions and to authorize notice to potential class members. *See Hoffman-La Roche v. Sperling*, 493 U.S. 165, 170–71 (1989).

Courts have generally used one of two approaches to determine if certification is appropriate: (1) the two-stage method based on *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987); or (2) the "Spurious Class Action" method described in *Shushan v. Univ. of Colorado*, 132 F.R.D. 263 (D. Colo. 1990). Although the Fifth Circuit has discussed both approaches, it has not adopted a single approach. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 n.1 (5th Cir. 2010); *Mooney v. Amarco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995). This Court, along with most other district courts, favors the *Lusardi* two-stage approach. *E.g.*, *Lee v. Veolia ES Indus. Servs., Inc.*, No. 1:12–CV–136, 2013 WL 2298216, *11 (E.D. Tex. May 23, 2013); *Dooling v. Bank of the West*, No. 4:11–CV–576, 2012 WL 2417591, *2 (E.D. Tex. June 26, 2012); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011); *see also Maynor v. Dow Chemical Co.*, No. G–07–0504, 2008 WL 2220394, *4 (S.D. Tex. May 28, 2008) (collecting cases from several district courts).

Certification under the *Lusardi* approach is comprised of two stages: (1) the notice stage; and (2) the merits stage. *Mooney*, 54 F.3d at 1213–14. At the notice stage, the district court considers whether potential plaintiffs are similarly situated based on the pleadings and any

affidavits. *Id.* If so, the court may conditionally certify the class and allow notice to be sent to potential plaintiffs. *Id.* Due to the limited evidence available at this stage, this determination is made using a fairly lenient standard. *Id.* At the merits stage, the court decides whether to decertify the class, typically on defendant's motion for decertification and normally after discovery is largely complete. *Id.*

## ANALYSIS

At the notice stage, the plaintiff bears the burden of presenting sufficient facts to support allegations that potential class members were victims of a single decision, policy, or plan. *Tice*, 826 F. Supp. 2d. at 995. Here, Plaintiff argues that certification is proper because all Field Engineers employed by Trican had the same job title, substantially similar job duties, and were subject to the same pay policy. Docket No. 13 at 8. Plaintiff bases his argument on nearly identical Trican job postings for Field Engineer positions in Odessa, Texas and Minot, North Dakota, and on his own experience performing the same job function, with the same expectations, and for the same pay, in various districts. *Id.* Defendant argues that certification is improper because individualized analysis will be required of each employee's duties to determine if the administrative, professional, or highly compensated employee exemptions under the FLSA apply. Docket No. 14 at 7. Defendant also asserts that Plaintiff fails to provide any evidence that other employees desire to join this suit. *Id.* at 12.

Here, Plaintiff has shown that Trican Field Engineers generally shared the same basic job duties and were subject to the same pay practices through the job postings and his own personal knowledge and experience. *See Tice*, 826 F. Supp. 2d at 996 (stating that similarity of job tasks and pay policies, not precise uniformity, is the standard defining similarly situated employees at the notice stage). Although Plaintiff has not specifically identified other potential plaintiffs, that

3

is not fatal to conditional certification. *Hayes v. Laroy Thomas, Inc.*, No. 5:05-CV-227, 2006 WL 1004991, *6–7 (E.D. Tex. Apr. 18, 2006) (finding conditional certification appropriate despite lack of affidavits from additional potential plaintiffs). Based on the very lenient standard at this stage, the Court **GRANTS** Plaintiff's request to conditionally certify the following class:

> All former, current, and future employees of Defendant who are or were employed as Field Engineers in Texas, Arkansas, Oklahoma, Pennsylvania, or North Dakota anytime within the three chronological years immediately preceding the date notice is mailed, and continuing thereafter through the date on which final judgment is entered in this action, who were classified as salaried employees and not paid overtime compensation for hours worked in excess of forty (40) hours each work week.

The Court **APPROVES IN PART** Plaintiff's submitted Notice (Docket No. 13, Exhibit C) and Consent form (Docket No. 13, Exhibit D). While the caption of the case may be included, to avoid confusion or the appearance of Court sponsorship, the name of the Court **SHALL** be removed from the header of the Notice and Consent form. Additionally, the name and address of counsel for Defendant **SHALL** be included on the Notice. Plaintiff **SHALL** file the final Notice and Consent forms with the Court for approval within seven days of this Order.

Due to the transient nature of the potential plaintiffs in the class, the Court **GRANTS** Plaintiff's request for a ninety-day period to distribute the Notice and file Consent forms with the Court. The ninety-day period **SHALL** begin upon notice from the Court after the final Notice and Consent forms are approved.

The Court **GRANTS** Plaintiff's request for the disclosure of contact information for potential opt-in plaintiffs by Defendant. Defendant **SHALL** provide in electronic format the names, last known home and work addresses, and email addresses of potential opt-in plaintiffs within fourteen days of this Order.

4

However, the Court **DENIES** Plaintiff's request that Defendant be required to post the Notice at its district offices. The potential plaintiffs most likely to see the Notice at the Defendant's offices are current employees who provide current contact information to the Defendant and should receive the Notice by mail.

Additionally, in the interest of protecting the privacy of potential plaintiffs, the Court **DENIES** Plaintiff's request for disclosure of dates of birth and partial social security numbers of potential plaintiffs whose U.S.P.S.-mailed Notices are returned undeliverable.

## CONCLUSION

For the reasons stated above, Plaintiff's Revised Motion for Conditional Certification is **GRANTED IN PART** and **DENIED IN PART**. The Court **ORDERS** Plaintiff to submit a Notice and Consent form that complies with this Order within seven days for Court approval. Further, the Defendant **SHALL** provide in electronic format the names, last known home and work addresses, and email addresses of potential opt-in plaintiffs within fourteen days from the issuance of this Order. Plaintiff's original Motion for Conditional Certification is **DENIED AS MOOT**.

**So ORDERED and SIGNED this 7th day of October, 2013.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**