**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **JOSEPH GAUTHIER,** § | | |
| Individually and on Behalf of § | | |
| All Others Similarly Situated, § | | |
| § | | |
| Plaintiffs, § | CIVIL ACTION NO. | |
| § | | |
| v. § | 6:13-cv-00046-LED | |
| § | | |
| **TRICAN WELL SERVICE, L.P.,** § | | |
| § | | |
| Defendants. § | | |

**AMENDED JOINT MOTION FOR APPROVAL OF
<u>SETTLEMENT AGREEMENT</u>**

Plaintiffs Joseph Gauthier ("Gauthier"), Scott A. Magnuson ("Magnuson"), and David Unterkircher ("Unterkircher") (collectively, "Plaintiffs") and Defendant Trican Well Service, L.P. ("Defendant") (collectively, the "Parties") file this Amended Joint Motion for Approval of Settlement Agreement and would show the Court as follows:

**I.
<u>BACKGROUND</u>**

1. This action was filed in the Eastern District of Texas by Joseph Gauthier on January 9, 2013, pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). On November 4, 2013, Magnuson filed his opt-in consent. On January 14, 2014, Unterkircher filed his opt-in consent. Plaintiffs alleged that they were misclassified as exempt employees and denied overtime pay.

2. Defendant answered and denied the material allegations in Plaintiffs' complaint.

3. The parties engaged in discovery as well as the exchange of Rule 26 disclosures.

4. Defendant has denied, and continues to deny, Plaintiffs' allegations. Nonetheless, without admitting or conceding any liability or damages, and solely to avoid the burden, expense and uncertainty of continuing to litigate Plaintiffs' claims, Defendant has agreed to settle Plaintiffs' claims, and Plaintiffs have agreed to compromise their claims on the terms and conditions set forth in the Settlement Agreement and Release of Claims, which is attached as Exhibit A.

5. The Parties recognize the outcome in this action is uncertain and that achieving a final result through litigation requires additional risk, discovery, time, and expense.

6. To determine how best to serve the interests of the Parties, the Parties and their counsel have investigated and evaluated the facts and law relating to the claims asserted in this action. After balancing the benefits of settlement with the costs, risks, and delay of continued litigation, the Parties and their counsel believe the settlement as provided in this Agreement is in the best interests of the Parties and represents a fair, reasonable, and adequate resolution.

7. This settlement is the result of arm's length bargaining by competent counsel with extensive wage and hour experience, and a high level of familiarity and understanding of the relevant facts and legal issues applicable to these cases. Claimants and Respondent believe that the settlement is fair and reasonable and in the best interests of Claimants. Claimants and Respondent also believe that the settlement resolves *bona fide* disputes between the parties.

## II.
## ARGUMENT AND AUTHORITY

8. FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 649 F.2d 1350, 1353 (11th Cir. 1982).

9. Many courts have acknowledged that the parties are generally in a better position than the court to determine whether a settlement agreement under the FLSA is fair and reasonable. *See, e.g., Bonetti v. Embarq Mgm't Co.*, 715 F. Supp. 2d 1222, 1227 n.6 (M.D. Fla. 2009). Moreover, if the parties are "represented by competent counsel in an adversary context," as here, "the settlement they reach will, almost by definition, be reasonable." *Id.* at 1227 n.6. Finally, there is a "strong presumption in favor of finding a settlement fair." *Rastellini v. Amy Charles, Inc.*, 6:08-cv-255-ORL-28GJK, 2009 WL 2579316 at *2 (M.D. Fla. Aug. 17, 2009 (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

10. The Parties' settlement of these claims is the result of a bona fide compromise between them on a variety of disputes of law and fact. The Parties stipulate that they are resolving the matter in order to avoid the cost and time of litigation, as well as the risks associated with continued litigation. Defendant admits no fault or liability in this matter.

11. The settlement negotiated and reached by the Parties reflects a fair and reasonable compromise of the disputed issues. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. The Parties attest to the fairness and reasonableness of their amicable settlement. Thus, the Parties request that the Court approve the settlement and dismiss Plaintiffs' claims with prejudice.

### III.
### CONCLUSION AND PRAYER

For these reasons, the Parties jointly request that this Court approve the settlement agreement and dismiss Plaintiffs' claims with prejudice and seek all other relief to which the Parties may be entitled.

Respectfully submitted this 19th day of September, 2014.

| | |
|---|---|
| /s/ Josh Sanford | /s/ John B. Brown |
| Josh Sanford | John B. Brown |
| Texas Bar No. 24077858 | Texas Bar No. 00793412 |
| josh@sanfordlawfirm.com | john.brown@ogletreedeakins.com |
| | Angela Clanton Green |
| **SANFORD LAW FIRM, PLLC** | Texas Bar No. 24040695 |
| One Financial Center | angela.green@ogletreedeakins.com |
| 650 S. Shackleford Road, Suite 411 | Ryan M. Miller |
| Little Rock, Arkansas 72211 | Texas Bar No. 24070281 |
| Telephone: (501) 221-0088 | ryan.miller@ogletreedeakins.com |
| Facsimile: (888) 787-2040 | |
| | **OGLETREE, DEAKINS, NASH, SMOAK** |
| **ATTORNEY FOR PLAINTIFF** | **& STEWART, P.C.** |
| | Preston Commons, Suite 500 |
| | 8117 Preston Road |
| | Dallas, Texas  75225 |
| | Telephone: 214-987-3800 |
| | Facsimile:  214-987-3926 |
| | |
| | **ATTORNEYS FOR DEFENDANT** |

### CERTIFICATE OF SERVICE

This is to certify that on September 19, 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following counsel for Plaintiff, an ECF registrant.

/s/ John B. Brown
John B. Brown

18987513.1